UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL C. BLACKER,　　　　　　　　　　　　Case No. 1:09-cv-346

　　　　Plaintiff,　　　　　　　　　　　　　　　　　Beckwith, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Black, M.J.
vs.

DR. JOHN R. DESMARIAS, *et al.*,

　　　　Defendants.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR JOINDER (Doc. 16) BE DENIED

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging a violation of his rights. The case is presently before the Court upon Plaintiff's motion for joinder of parties (Doc. 16) and Defendant Stalnaker's memorandum *contra* (Doc. 16).

Plaintiff seeks to add as parties: (1) Dr. Morford, a physician at the Southern Ohio Correction Facility; and (2) the Ohio Department of Rehabilitation and Corrections (ODRC"). Plaintiff further seeks to add additional claims arising out of physical therapy treatment he received relating to his right patella, purportedly beginning in August 2008 through August 2009. Plaintiff also seeks to add a claim asserting that ODRC's Policy No. 68-MED-01 is over-broad and unconstitutional.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

A permissive joinder of parties under Rule 20(a)(2) of the Federal Rules of Civil Procedure requires that the Plaintiff show that the right to relief asserted against the Defendants "grows out of the same transaction, occurrence, or series of transactions" and that there is a "question of law or fact common to all defendants". *Id.*

In the instant action, Plaintiff's claims arise out of the alleged discontinuance of his prescription medications, by Dr. Owen, a physician at the Southern Ohio Correctional Facility. Thus, Plaintiff's proposed the joinder of claims and parties do not arise out the same transaction or occurrence, nor are the questions of law and/or facts common to all defendants. *See* Fed. R. Civ. P. 20(a)(2); *See also Harris v. Spellman,* 150 F.R.D. 130 (N.D.Ill. 1993) (Permissive joinder was not available with respect to inmates' § 1983 claims which not only involved different occurrences, but also raised different issues of law).

Accordingly, the undersigned finds that Plaintiff's motion is not-well taken. It is therefore **RECOMMENDED** that Plaintiff's motion for joinder (Doc. 16) be **DENIED**.

Date: 5/27/10, nunc pro tunc 5/13/10,      s/ Timothy S. Black
reflecting work as the assigned      Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL C. BLACKER,  　　　　　　　　　　　　Case No. 1:09-cv-346

　　　　Plaintiff,  　　　　　　　　　　　　　　　　Beckwith, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Black, M.J.
　vs.

DR. JOHN R. DESMARIAS, *et al.*,

　　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).