UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL C. BLACKER,                                    Case No. 1:09-cv-346

    Plaintiff,                                    Beckwith, J.
                      Black, M.J.

 vs.

DR. JOHN R. DESMARIAS, *et al.*,

    Defendants.


**REPORT AND RECOMMENDATION[1] THAT DEFENDANT STALNAKER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 18) BE GRANTED**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in

Lucasville, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a

violation of his rights.

This civil action is now before the Court upon Defendant Stalnaker's motion for

summary judgment (Doc. 18) and the parties' responsive memoranda (Docs. 23, 26).

## I.  FACTS

In October 2008, Plaintiff alleges that he requested to see the doctor for a renewal

of prescription medications which were due to expire.  Thereafter, on October 8, 2008,

Dr. Owen, a physician at SOCF, performed a chart review of Plaintiff Blacker's medical

file.  There was no information contained in the chart which indicated that Blacker had

acute medical problems.  At that time, Dr. Owen saw no reason for the renewal of chronic

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

treatment medications, and further noted that the prescriptions should only be provided on an as needed basis for acute symptoms only. (Doc. 18, Ex. A, Affidavit of Roseanna Clagg, "Clagg", ¶ 9).

Thereafter, on December 11, 2008, Dr. Owen personally examined Plaintiff Blacker. There was no indication during the examination that Blacker had any significant medical problems. (Clagg, ¶ 10).

Defendant Rhonda Stalnaker was the Healthcare Administrator at the SOCF during the period of time that Dr. Owen discontinued Plaintiff's medications. (Doc. 18, Ex. B. Affidavit of Anthony Cadogen, "Cadogen", ¶ 6). A healthcare administrator does not have the authority to prescribe medications or a treatment plan for an inmate's condition. A healthcare administrator does not make the diagnosis or any plan for medical treatment. The decision to change or discontinue medications is made by a physician. (Clagg ¶ 5, Cadogen ¶ 5-7)). Physicians on occasion do discontinue medications for inmates without personally examining the inmate. (Clagg ¶ 11).

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a

motion for judgment as a matter of law.  The moving party has the burden of showing the

absence of genuine disputes over facts which, under the substantive law governing the

issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.

"Summary judgment is only appropriate if the pleadings, depositions, answers to

interrogatories, and admissions *on file*, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886

(6th Cir. 2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(c))

(emphasis added). "Weighing of the evidence or making credibility determinations are

prohibited at summary judgment  -  rather, all facts must be viewed in the light most

favorable to the non-moving party." *Id*.

## III.  ANALYSIS

Plaintiff alleges that Defendant Stalnaker acted with deliberate indifference to

Plaintiff's serious medical needs when she denied him adequate medical treatment.

Plaintiff alleges he suffered ongoing physical pain and discomfort for a period of five

months while waiting to see a doctor.

Defendant Stalnaker, however, asserts that there is not a scintilla of evidence that

she showed deliberate indifference in providing medical care to Plaintiff Blacker for a

serious medical condition.  The undersigned agrees.

The United States Supreme Court has held that there are two elements to a

deliberate indifference claim: (1) that in an objective sense, the deprivation of medical

care is serious; and (2) plaintiff can prove, "in a subjective sense, that [the defendant] was deliberately indifferent to [the plaintiff's] health. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, Plaintiff must evidence that Defendant Stalnaker was aware of and ignored "an excessive risk" to Plaintiff's health or safety; that she was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and that she did in fact draw this inference. *Id.* at 837.

Here, Stalnaker, as a nurse and healthcare administrator, did not have the authority to instruct Dr. Owen as to how to practice medicine. Stalnaker had no part in the determination as to whether or not the Plaintiff's prescriptions would be continued or discontinued.

Thus, the undersigned agrees that Plaintiff cannot show that the treatment was so "woefully inadequate as to amount to no treatment at all." There is no indication that the Plaintiff received improper medical care. The record shows that the Plaintiff did not have any acute medical problem that required prescriptions. The doctor, after reviewing the chart, made a medical determination that Blacker should only receive these drugs on an as needed basis. This conclusion was not changed even after the doctor had personally met with the Plaintiff on December 11, 2008. Thus, even two months after the medications had been discontinued, the Plaintiff was not exhibiting any significant medical problems.

Accordingly, based on the foregoing, the undersigned finds that there are no genuine issues of material fact in dispute, and that Defendant Stalnaker is entitled to judgment as a matter of law

**IV.**

Accordingly, based on the foregoing**, IT IS THEREFORE RECOMMENDED**

**THAT** Defendant Stalnaker's motion for summary judgment (Doc. 18) should be

**GRANTED**, and Defendant Stalnaker **TERMINATED** as a Defendant from this action.

It is further **RECOMMENDED** that the Court certify that any appeal would not

be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Kincade v. Sparkman*, 117 F.3d 949

(6th Cir. 1997).


Date:  5/27/10, nunc pro tunc 5/13/10,                    s/ Timothy S. Black
reflecting work as the assigned                            Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL C. BLACKER,                                            Case No. 1:09-cv-346

        Plaintiff,                                            Beckwith, J.
                                                                 Black, M.J.

    vs.

DR. JOHN R. DESMARIAS, *et al.*,

        Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).