```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

Nathaniel C. Blacker,             :   Case No. 1:09-cv-346
                                  :
    Plaintiff,                    :
                                  :
vs.                               :
                                  :
Dr. John R. Desmarias, et al,     :
                                  :
    Defendants.                   :

**ORDER**

The Magistrate Judge issued a report and recommendation in this matter on May 27, 2010. (Doc. 50) In that Report, the Magistrate Judge recommends that Defendant Rhonda Stalnaker's motion for summary judgment be granted. Plaintiff filed a timely objection to the Report. (Doc. 51)

**FACTUAL BACKGROUND**

Plaintiff is an inmate at the Southern Ohio Correctional Facility. He filed a complaint under 42 U.S.C. §1983 against Stalnaker, Dr. Owen, and Dr. Desmaraias, the ODRC's Chief Medical Officer, alleging Defendants were deliberately indifferent to his serious medical needs. (Doc. 3) Plaintiff alleges that in October 2008, his prescription medications were about to run out and he requested that they be renewed. He was told that he would be seen by a doctor for his ongoing medical problems. However, Dr. Owen discontinued Plaintiff's medications without personally seeing him to evaluate his medical needs, which he alleges are

-1-

allergies, muscle cramps, constriction and spasms resulting in severe pain and limited mobility, pain in the right knee and ankle, frequent heartburn, as well as itching, flaky, irritated skin on his face.  (Doc. 3 at p. 5)

Plaintiff filed an internal grievance concerning the discontinuance of his medications (specifically Baclofen and Claritin), which was initially denied.  On appeal, the Chief Inspector concluded that Dr. Owen (who was then a physician at SOCF) "evaluated your current medical condition by chart review, but did not personally examine you.  The changes are the decision of the doctor regarding the order or discontinuance of medication for any patient, but should have been done during an examination of you in person.  The HCA shall instruct the doctor that when medications are to be discontinued for any patient in the future, the physician shall examine the patient, not just his medical file."  (Doc. 25, Exhibit 1 at p. 4) The inspector concluded that the medical staff were attempting to provide Plaintiff proper care, and urged him to maintain close contact with the staff.  No further action was taken or recommended.

Defendant Stalnaker was the Health Care Administrator at Southern Ohio Correctional Facility at the time of these events.  She wrote the initial response to Plaintiff's internal grievance, in which she noted that an x-ray of Plaintiff's ankle did not show an old fracture or hardware, and an orthopedic exam was

benign or normal. She also noted that Dr. Owen had been asked to review Plaintiff's chart for his requested medication renewal, and Dr. Owen concluded that the renewal was not medically necessary. Stalnaker told Plaintiff that medications for allergies and pain were available through the commissary, or he could see his zone nurse for evaluation. (Doc. 25, Exh. 1 at p. 1)

Stalnaker seeks summary judgment on Plaintiff's Section 1983 claim, arguing that the decision to discontinue Plaintiff's prescription medications was made solely by Dr. Owen. Stalnaker, who is not a physician, lacks the authority to require Dr. Owen to prescribe any particular treatment or medication. Stalnaker also argues that Plaintiff has offered no credible evidence that he had a serious medical condition that she deliberately disregarded at the time of the incident.

## ANALYSIS

Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but

-3-

... must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253 (1968)).  The burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment...," Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute.  Anderson, 477 U.S. at 250.

The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor.  United States v. Diebold Inc., 369 U.S. 654, 655 (1962).

To succeed on a Section 1983 claim for denial of medical care, Plaintiff must show that Stalnaker acted with "deliberate indifference" to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The deliberate indifference standard requires evidence that the prison medical official knew that a substantial risk of serious harm to the inmate's health existed, and that the official disregarded that risk.  Stalnaker argues there are no facts from which a reasonable inference might arise that she knew of any substantial risk of serious harm to Plaintiff, much less that she disregarded such a risk.  She submits the affidavit of Deputy Warden Cadogan, who states that the prison's Health Care Administrator does not and is not

-4-

authorized to diagnose medical conditions or to prescribe treatments.  Only a physician is able to prescribe medication, and change or discontinue medication or treatment plans.

The undisputed facts established by the record are that Dr. Owen discontinued Plaintiff's medications after reviewing his chart.  Stalnaker also notes that Dr. Owen personally examined Plaintiff on December 11, 2008, while his grievance appeal was pending.  Even after that examination, Dr. Owen did not order Plaintiff's medications renewed.  Dr. Owen noted in Plaintiff's chart on that date that Plaintiff's "lungs were clear, he had no abdominal problems and his gait was normal."  (Doc. 27, Affidavit of Roseanna Clagg at ¶10)

In response to Stalnaker's motion, Plaintiff argued that Stalnaker had "identified" his medical conditions, and she should have immediately helped him or scheduled a physician visit.  But Plaintiff does not allege or suggest that he was facing any urgent situation that might have called for immediate response or intervention by the medical staff.  Plaintiff alleges, and the record supports the conclusion, that he went to sick call to ask for a medication renewal before his medications ran out.  His chart was then given to Dr. Owen for review, who concluded that his renewal request would not be granted.  Any potential liability stemming from the decision to discontinue his medications does not lie against Stalnaker.  That is the

conclusion reached by the Magistrate Judge, and this Court concurs.

In Plaintiff's objection to the Magistrate Judge's report, he states that he is unable to obtain his medical records from ODRC and from his orthopedic surgeon in Columbus, and therefore summary judgment should not be granted.  The Court assumes, for purposes of this motion, that those records would document Plaintiff's prior treatment for foot and ankle pain due to "open reduction and internal fixation in the past" (as stated in the Chief Inspector's decision on Plaintiff's grievance appeal, citing his review of Plaintiff's medical records).  These records may be germane to Dr. Owens' decision to discontinue his medication.  But they would not alter the fact that Stalnaker did not make that decision, and lacked the authority to do so in any event.  Plaintiff's objection is therefore overruled.

The Court has reviewed the record de novo under Fed. R. Civ. P. 72(b), and agrees with the Magistrate Judge's recommendation. The Court therefore adopts the Report in full.  Defendant Rhonda Stalnaker's motion for summary judgment (Doc. 18) is GRANTED, and all claims against Stalnaker are dismissed with prejudice.

This action remains pending against Dr. Owen.

SO ORDERED.

DATED: July 7, 2010            s/Sandra S. Beckwith
                               Sandra S. Beckwith
                               Senior United States District Judge