UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nathaniel C. Blacker,  :  Case No. 1:09-cv-346
    Plaintiff,  :
vs.  :
Dr. John R. Desmarias, et al,  :
    Defendants.  :

**ORDER**

Before the Court are Plaintiff's objections to the Magistrate Judge's November 12, 2010 Report and Recommendation. The Magistrate Judge recommends that this Court grant the motion filed by Defendant, Dr. Vikki Owen, for summary judgment. (Doc. 68) Plaintiff objects, contending there are genuine disputes of fact remaining on his claim under 42 U.S.C. §1983 for deliberate indifference to his medical needs. (Doc. 73) For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation.

**FACTUAL BACKGROUND**

Plaintiff, Nathaniel Blacker, is an inmate at the Ross Correctional Institution. Prior to his transfer to Ross, Blacker was incarcerated at the Southern Ohio Correctional Facility. He filed a complaint in this Court under 42 U.S.C. §1983 against Dr. John Desmarias, at the time the ODRC's Chief Medical Officer; Rhonda Stalnaker, the Health Care Administrator at SOCF, and Dr.

-1-

Vikki Owen, who previously served as a physician at SOCF. Blacker alleged that all of the Defendants were deliberately indifferent to his medical needs. (Doc. 3) Dr. Desmarias was previously dismissed from this case. (Doc. 4) The Court granted Stalnaker's motion for summary judgment, concluding that there was no evidence that she had any responsibility for, or oversight of, Dr. Owen's medical decisions. (Doc. 56) Defendant Owen now moves for summary judgment, arguing that Blacker has no evidence that she was deliberately indifferent to his serious medical needs.

    Blacker contends that he suffers from allergies, muscle cramps, constriction and spasms, limited mobility at times, pain in his right knee and ankle, heartburn, and flaky and irritated skin on his face. The record reflects that Blacker was transferred to SOCF on June 26, 2008. At that time, he was receiving Motrin for ankle pain, Baclofen for ankle spasms, Lidex for dry skin, and antacids for gastric reflex. (Doc. 60, Exhibit A at ¶4) ODRC's Dr. McWeeney had apparently examined Blacker before his transfer and despite the lack of documented findings, he ordered Baclofen and Motrin for Blacker. Those medications were prescribed through July 18, 2008. In October 2008, Blacker requested that his medications be renewed, and asked for treatment for his right knee. (Doc. 64, Exhibit A at ¶3) On October 9, Blacker was seen by a nurse for an appointment, and

the nurse asked Dr. Owen to review Blacker's chart and his request for medication renewals.  Dr. Owen did so and, without personally examining Blacker, concluded that his medications were not needed for his current conditions, and that he should request medicine for any acute reasons as needed.  After Blacker filed an internal grievance, Dr. Owen personally examined Blacker on December 11, 2008.  At that time she did not order Blacker's medications renewed, and noted that his "lungs were clear, he had no abdominal problems and his gait was normal."  (Doc. 27, Clagg Aff. at ¶10)

    Blacker's internal grievance concerning Owen's decision to discontinue Baclofen and Claritin was initially denied by Stalnaker, who noted that an x-ray of Plaintiff's ankle did not reveal a fracture or placement of hardware, and that his latest orthopedic exam was benign.  On appeal the Chief Inspector concluded that Dr. Owen ". . . evaluated your current medical condition by chart review, but did not personally examine you.  The changes are the decision of the doctor regarding the order or discontinuance of medication for any patient, but should have been done during an examination of you in person.  The HCA shall instruct the doctor that when medications are to be discontinued for any patient in the future, the physician shall examine the patient, not just his medical file."  (Doc. 25, Exhibit 1 at p. 4)  No further action was taken on Blacker's grievance. Blacker

then filed his pro se complaint on May 21, 2009. (Doc. 3)

**ANALYSIS**

<u>Summary Judgment Standards</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) (quoting <u>First Nat'l Bank of Arizona v. Cities Serv. Co.</u>, 391 U.S. 253 (1968)). The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. <u>Guarino v. Brookfield Township Trs.</u>, 980 F.2d 399, 404 (6th Cir. 1992); <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir. 1989), cert. den., <u>Superior Roll Forming Co. v. InterRoyal Corp.</u>, 494 U.S. 11 (1990). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment ...," <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. <u>Anderson</u>, 477 U.S. at 250. The non-moving party "must do more than simply show

that there is some metaphysical doubt as to the material facts." <u>Matsushita Electric Industries Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

The Court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. <u>United States v. Diebold Inc.</u>, 369 U.S. 654, 655 (1962).

<u>Deliberate Indifference to Medical Needs</u>

The Magistrate Judge's Report correctly states that, in order to succeed on his Section 1983 claim, Blacker must present evidence showing that prison officials denied his reasonable requests for medical care when his need for care was obvious, and when he was susceptible to undue suffering or a threat of tangible residual injury. <u>Byrd v. Wilson</u>, 701 F.2d 592, 594 (6th Cir. 1983). A deliberate indifference claim has both an objective and subjective component. The alleged deprivation must objectively be sufficiently serious. And a plaintiff must also demonstrate that the defendant subjectively ignored a known risk of serious harm, and thus was deliberately indifferent. A plaintiff must show more than negligence or a lack of due care in order to prevail.

The Magistrate Judge concluded that Blacker has not met the objective component of his claim by establishing the seriousness of his alleged need for medical care. Blacker contends that he

had reconstructive ligament surgery on his ankle at some point in the past, and that he also suffers from knee pain and muscle spasms. But he has no current evidence documenting the extent or the residual effects of these conditions or why they would pose a serious need for medical care in October 2008. In its Order granting Stalnaker's motion for summary judgment, this Court noted that the record supported Blacker's assertion of prior surgery on his foot and/or ankle. The Chief Inspector's decision on Blacker's grievance appeal states that Blacker underwent an "open reduction and internal fixation in the past." But the record also contains the results of x-rays and an MRI in November 2005, which showed no abnormalities in his right foot. And Dr. Owen's physical examination performed on December 11, 2008 also did not document any significant or serious medical problems with his gait at that time.

In his objections, Blacker argues that there is no dispute that he had "medical conditions," and cites the prison nurse's referral form for his appointment with Dr. Owen specifically refers to his "conditions." There is evidence that Blacker has various "medical conditions," including allergies, skin irritation, and knee, foot and/or ankle pain. But evidence of "medical conditions" does not suffice to raise a genuine dispute that those conditions were sufficiently **serious**, such that Owens' decision to discontinue Baclofen and Claritin posed a **known** risk

of **serious** harm to Blacker.  On that issue, Blacker has no documented medical evidence to support his argument.  Blacker was provided a copy of his ODRC medical file during this case, but he has not submitted any documentation from his file that contradicts the sworn facts set forth in Owen's motion.  He contends that another physician, Dr. Morford, treated him after Dr. Owen, but Blacker does not state what treatment he received or what serious conditions Dr. Morford may have found at that time.

Blacker also renews his argument that medical records he does not have from a previous orthopedic physician, Allen Beebee, would document his serious medical condition.  But this argument is not supported by any facts or affidavits, nor does he explain how the records from his prior surgery would document the existence of a "serious medical condition" in October 2008.  In light of the evidence that is in the record concerning the history of Blacker's conditions and treatment, the Magistrate Judge correctly concluded that Blacker has not established a genuine dispute as to the seriousness of his medical condition.

The Magistrate Judge also concluded that Blacker had not satisfied the subjective component of his Eighth Amendment claim, by showing that Dr. Owen's conduct reflects her deliberate indifference to him or her conscious disregard for a known risk of harm that he faced without his medications.  The Court agrees.

Dr. Owen discontinued Blacker's medications based on her chart review.  While the Chief Inspector concluded that she should have personally examined Blacker before discontinuing the medications, there is no suggestion in the medical records or in Blacker's pleadings that establish Owen knew of a serious risk of harm to Blacker posed by her failure to renew those chronic medications, that she deliberately ignored that risk, or that she consciously disregarded any risk.  In his objections, Blacker argues that Owen should have done more – that she should have ordered an x-ray or an MRI, for instance, or that she should have immediately examined him and immediately renewed his medications as he asked.  The facts that Blacker objects to her decision, or that she did not do more than she did, do not give rise to a constitutional claim.  There may be other physicians who would have responded differently.  But a difference of opinion between Blacker and Owen, or between Owen and other physicians, does not support a constitutional claim of conscious disregard of a serious risk of harm.  Owen did personally examine Blacker shortly after his October 2008 request and she did not renew his medications at that time.  If another physician may have later reached a different conclusion, the basis for that decision is not in the record.  Moreover, Blacker has not produced any documented evidence that he suffered a particular harm as a result of Owen's treatment and her decision.  He obviously disagrees with Owen,

-8-

and claims that she should have honored his requests.  This is not a basis upon which Blacker can avoid entry of judgment in favor of Owen.

## CONCLUSION

This Court has reviewed the record de novo under Fed. R. Civ. P. 72(b), and agrees with the Magistrate Judge's recommendation.  The Court therefore adopts the Report in full. Defendant Dr. Vikki Owen's motion for summary judgment (Doc. 60) is GRANTED, and all claims against Dr. Owen are dismissed with prejudice.  Blacker's motion for relief from the order denying his motion to compel (Doc. 71) is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of this Court's Order would not be taken in good faith.  See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997).  The Court therefore denies Plaintiff leave to appeal in forma pauperis.

**SO ORDERED.**

**THIS CASE IS CLOSED.**

DATED: February 3, 2011        s/Sandra S. Beckwith
                               Sandra S. Beckwith
                               Senior United States District Judge